# Sixth Circuit Court of Appeals

## No. 19-5340

| | |
|---|---|
| **TERRANCE MILES** | **APPELLANT** |
| vs. | |
| **SCOTT JORDAN, WARDEN** | **APPELLEE** |

### Appellee's Response to Motion to Return Appellant
* * * * * * * * * * * * *

  Appellant was transferred from one state prison in the Western District of Kentucky to a prison in the Eastern District of Kentucky after this appeal was docketed. He has asked this Court to order his return to the first prison, citing violation of Fed.R.App.Proc. 23(a) by Scott Jordan, Warden of the first prison. Appellee Jordan objects for the following reasons:

  1. Warden Jordan admits Appellant was transferred to a different prison after this appeal was docketed and this was done without asking any federal court permission to do so. Any violation was unintentional. Appellant was transferred for reasons unrelated to his habeas petition. Attached is a memo from the Deputy Warden and the actual Transfer Form, both indicating Miles was transferred "to facilitate movement between institutions." As the Transfer Form indicates, Appellant was not participating in any work programs at Luther Luckett Correctional Complex (LLCC) so he was transferred to open a bed at that prison for

someone else to participate. This is what is meant by the phrase "to facilitate movement between institutions."

    2.    In addition, Department of Corrections officials have informed counsel that the supervisor of inmate legal aides at LLCC mailed Mr. Miles his legal material July 11, 2019.

    3.    Appellant is not prejudiced in anyway because the jurisdiction of this court and the district court continue despite the transfer and, if necessary, it is a simple matter to substitute the named respondent/appellee warden. Federal Rule of Appellate Procedure 23(a) states:

> **Transfer of Custody Pending Review**. Pending review of a decision in a habeas corpus proceeding commenced before a court, justice, or judge of the United States for the release of a prisoner, the person having custody of the prisoner must not transfer custody to another unless a transfer is directed in accordance with this rule. When, upon application, a custodian shows the need for a transfer, the court, justice, or judge rendering the decision under review may authorize the transfer and substitute the successor custodian as a party.

4.    This Court construed a nearly identical version of the rule in *Jago v. U.S. Dist. Ct., Northern Div of Ohio, E. Div.at Clev.*, 570 F.2d 618, 626 (6th Cir. 1978).[1]

---

[1] The rule at that time stated::

> Pending review of a decision in a habeas corpus proceeding commenced before a court, justice or judge of the United States for the release of a prisoner, a person having custody of the prisoner shall not transfer custody to another unless such transfer is directed in accordance with the provisions of this rule. Upon application of a custodian showing a need therefore, the court, justice or judge rendering the decision may make an order authorizing transfer and providing for the substitution of the successor custodian as a party.

*Jago*, 570 F.3d at 626.

The Court held the motion must be filed in the district court which rendered the decision, rather than in the Circuit Court. The rule was designed to "preserve the district judge's power over the physical custody of the petitioner…" *Id*. Moreover, a transfer pending habeas review does not divest this Court of its jurisdiction, even if the prisoner is transferred to a state geographically outside its circuit. *Cohen v. United States*, 593 F.2d 766, 767 n. 2 (6th Cir. 1979).

5. Kentucky is fully within the Sixth Circuit so there is no question this Court has continuing jurisdiction of the appeal. Further, venue and jurisdiction of any district court proceedings remain in the Western District of Kentucky at Louisville, irrespective of where a prisoner is lodged within Kentucky. Joint Local Rule 3.2(b)[2] states: "A removal or state habeas corpus petition shall be assigned to the jury division that includes the court from which the removal is had or in which the challenged judgment, conviction or order was rendered." Appellant Miles was convicted of murder in Jefferson Circuit Court. Louisville lies inside Jefferson County.

6. The court in *Moorish Science Temple of America, Inc. v. Smith*, 693 F.2d 987 (2d Cir. 1982) was faced with an identical fact pattern as that here. A state prisoner was transferred from one prison to another within the state. The court denied the prisoner's request to order a transfer back to the first state prison. The court noted that the purpose of the rule was to prevent prison officials from impeding a prisoner's habeas petition by transferring him outside the jurisdiction of

---

[2] Joint Local Rules of Civil Procedure for the Eastern and Western Districts of Kentucky, governing habeas petitions filed under 28 U.S.C. § 2254.

the court. Since both the circuit court and the district court retained jurisdiction, the rule was not violated. *Id*. at 989 (citations omitted); *see also Hammer v. Meachum*, 691 F.2d 958, 961(10th Cir. 1982).

Wherefore, Appellee Scott Jordan requests the motion be denied.

                                  Respectfully Submitted,

                                  **ANDY BESHEAR**
                                      Attorney General of Kentucky

/s James C. Shackelford
_____

**James C. Shackelford**
    Assistant Attorney General
    Office of the Attorney General
    1024 Capital Center Drive
    Frankfort, Kentucky 40061-8204
    (502) 696-5342
    Counsel for Appellant

## CERTIFICATE

On July17, 2019, I filed the foregoing pleading with the Clerk of the Court via the ECF system and mailed a true copy via first class, U.S. Mail to Mr. Terrance Miles, #151766, Eastern Kentucky Correctional Complex, 200 Road to Justice, West Liberty, KY 41472.

                                  /s James C. Shackelford
                                  _____
                                  Assistant Attorney General